**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113466

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sashauna Morgan, | Docket No: |
| Plaintiff, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| NCC Business Services, Inc., | |
| Defendant. | |

     Sashauna Morgan (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against NCC Business Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

    1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

    2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

    3.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

    4.    At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

5.    Plaintiff Sashauna Morgan is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.    On information and belief, Defendant NCC Business Services, Inc., is a New York Corporation with a principal place of business in New York County, New York.

8.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

10.    Defendant alleges Plaintiff owes a debt ("the Debt").

11.    The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.    Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13.    Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14.    In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated March 27, 2017. (**"Exhibit 1."**)

15.    The Letter was the initial communication Plaintiff received from Defendant.

16.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692e**

17.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18.    The Debt was incurred on an Old Navy credit card, underwritten by Synchrony Bank.

19.    The Letter sets forth an "Amount" of $326.36.

20.    Pursuant to the terms and conditions of the credit card, Synchrony Bank charged Plaintiff interest on any balance carried on the account.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

21.    Pursuant to the terms and conditions of the credit card, Synchrony Bank charged Plaintiff late fees on any payments due but not timely made by Plaintiff.

22.    Pursuant to the terms and conditions of the credit card, Synchrony Bank charged Plaintiff other fees on the account.

23.    The right to collect from Plaintiff interest on any balance carried on the account was not waived by Synchrony Bank.

24.    The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by Synchrony Bank.

25.    The right to collect from Plaintiff other fees on the account was not waived by Synchrony Bank.

26.    The right to collect from Plaintiff interest on any balance carried on the account was not waived by any assignee or successor-in-interest.

27.    The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

28.    The right to collect from Plaintiff other fees on the account was not waived by any assignee or successor-in-interest.

29.    Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

30.    Pursuant to the terms and conditions of the credit card, interest continued to accrue on any balance unpaid.

31.    Pursuant to the terms and conditions of the credit card, late fees continued to accrue on any payments due but not timely made by Plaintiff.

32.    Pursuant to the terms and conditions of the credit card, other fees continued to accrue on the account.

33.    Pursuant to the terms and conditions of the credit card, Synchrony Bank and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest on any balance carried on the account.

34.    Pursuant to the terms and conditions of the credit card, Synchrony Bank and any assignee or successor-in-interest had the legal right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff.

35.    Pursuant to the terms and conditions of the credit card, Synchrony Bank and any

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

assignee or successor-in-interest had the legal right to collect from Plaintiff other fees on the account.

36.     Pursuant to the terms and conditions of the credit card, the legal right of Synchrony Bank and any assignee or successor-in-interest to collect from Plaintiff interest on any balance carried on the account is not waived by Synchrony Bank or any assignee or successor-in-interest as a result of a failure by either Synchrony Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest.

37.     Pursuant to the terms and conditions of the credit card, the legal right of Synchrony Bank and any assignee or successor-in-interest to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff is not waived by Synchrony Bank or any assignee or successor-in-interest as a result of a failure by either Synchrony Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned late fees.

38.     Pursuant to the terms and conditions of the credit card, the legal right of Synchrony Bank and any assignee or successor-in-interest to collect from Plaintiff other fees on the account is not waived by Synchrony Bank or any assignee or successor-in-interest as a result of a failure by either Synchrony Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned other fees.

39.     15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

40.     The Letter failed to disclose that the balance stated may increase due to interest.

41.     The Letter failed to disclose that the balance stated may increase due to late fees.

42.     The Letter failed to disclose that the balance stated may increase due to other fees.

43.     The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e

44.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

45.     Alternatively, even if Plaintiff's account was not subject to continued interest pursuant to the terms and conditions of the credit card – which it was – the account was subject to interest by operation of law.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

46.     Plaintiff's debt was incurred pursuant to a contract between Plaintiff and Synchrony Bank.

47.     N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

48.     An award of interest under § 5001 is mandatory.

49.     N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

50.     Synchrony Bank and any assignee or successor-in-interest possessed a guaranteed right to interest on the Debt from, at the latest, March 27, 2017.

51.     As such, the amount stated in the Letter was subject to the accrual of interest.

52.     The Letter failed to disclose that the amount stated may increase due to interest.

53.     The Letter, because of the aforementioned failure, violates 15 U.S.C. § 1692e.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g**

54.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

56.     15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

57.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

58.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

59.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

60.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

61.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

62.      The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

63.      The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

64.      The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

65.      The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

66.      The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

67.      The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

68.      The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

69.      The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

70.      For instance, the Letter fails to indicate the applicable interest rate.

71.      For instance, the Letter fails to indicate the date of accrual of interest.

72.      For instance, the Letter fails to indicate the amount of interest during any measurable period.

73.      The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

74.      For instance, the Letter fails to indicate the amount of late fees.

75.      For instance, the Letter fails to indicate the date such fees will be added.

76.      For instance, the Letter fails to indicate the amount of late fees during any measurable period.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

77.     The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

78.     The Letter fails to state whether interest, late fees and/or other fees are accruing.

79.     The Letter fails to state what part of the amount stated is attributable to principal.

80.     The Letter fails to state what part of the amount stated is attributable to interest.

81.     The Letter fails to state what part of the amount stated is attributable to late fees.

82.     The Letter fails to state what part of the amount stated is attributable to other fees.

83.     The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

84.     The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

85.     The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

86.     The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

87.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

88.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

89.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

90.     The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

91.     The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

92.     The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692g.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

7

## FOURTH COUNT
## Violation of 15 U.S.C. § 1692e

93.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

94.     As previously set forth, the Letter sets forth an "Amount" of $326.36.

95.     As previously set forth, Plaintiff was always charged interest on any balance carried on the account.

96.     As previously set forth, Plaintiff was always charged late fees on any payments due but not timely made by Plaintiff.

97.     As previously set forth, Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

98.     The Letter fails to disclose whether the amount stated may increase due to additional interest.

99.     The Letter fails to disclose whether the amount stated may increase due to additional late fees.

100.    The Letter fails to indicate whether the creditor will accept payment of the amount stated in full satisfaction of the debt if payment is made by a specified date.

101.    A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

102.    The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, can reasonably be read by the least sophisticated consumer to mean that interest was still accruing.

103.    The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, can reasonably be read by the least sophisticated consumer to mean that late fees were still accruing.

104.    The Letter could also reasonably be read by the least sophisticated consumer to mean that interest was no longer accruing.

105.    The Letter could also reasonably be read by the least sophisticated consumer to mean that late fees were no longer accruing.

106.    The Letter could reasonably be read by the least sophisticated consumer to mean

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

that the debt could be satisfied in full by payment of the amount stated.

107.     The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated at any time after receipt of the Letter.

108.     The Letter could also reasonably be read by the least sophisticated consumer to mean that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest and/or late fees.

109.     Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

110.     For these reasons, Defendant violated 15 U.S.C. § 1692e.

**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

111.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

112.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

113.     One such requirement is that the debt collector provides "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

114.     A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

115.     A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

116.     Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

117.      Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

fashion so as to cloud the required message with uncertainty.

118.     When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

119.     The Letter lists an "Original Creditor" of "SYNCHRONY BANK/Old Navy Card."

120.     The Letter lists a "Current Creditor" of SYNCHRONY BANK/Old Navy Card."

121.     The body of the Letter otherwise makes no reference to either "SYNCHRONY BANK" or "Old Navy Card."

122.     The least sophisticated consumer would likely be confused as to whether the creditor to whom the debt is owed is "SYNCHRONY BANK" or "Old Navy Card."

123.     The least sophisticated consumer would likely be uncertain as tow hether the creditor to whom the debt is owed is "SYNCHRONY BANK" or "Old Navy Card."

124.     The Letter states, "Your ACCOUNT has been placed with our office for collections." (Emphasis in original.)

125.     Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

126.     Defendant failed to clearly state the name of the creditor to whom the debt is owed.

127.     The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

128.     The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

129.     Defendant violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

**SIXTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of**
**the Creditor to Whom the Debt is Owed**

130.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

131.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

132.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

133.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

134.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

135.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

136.    For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

137.    The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

138.    Knowing the identity of creditor to whom the debt is owed affects how a consumer responds to a debt collector's attempts to collect the debt.

139.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

140.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

141.    The least sophisticated consumer would likely be deceived by the Letter.

142.    The least sophisticated consumer would likely be deceived in a material way by the Letter.

143.    Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.


## JURY DEMAND

144.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: March 23, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113466